UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

           Plaintiff,

-against-

JON NORINSBERG, *et al.*,

           Defendants.

20-CV-3303 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against two New York law firms, lawyers, and a paralegal regarding a state-court matter. By order dated May 14, 2020, Chief Judge McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who is a Bronx resident, brings this action concerning Defendants' legal representation of him at an April 13, 2020 "50-h hearing," pursuant to New York State General Municipal Law § 50-h, arising out of his arrest in December 2019. Plaintiff asserts that on March 13, 2020, he retained Defendant Ilissa Brownstein to represent him at the 50-h hearing. The contingency fee agreement set forth the terms of Plaintiff's payment to Brownstein, using by way of example, a recovery amount of $100,000. (ECF No. 2, at 6.) On April 6, 2020, Plaintiff "was terminated before [the] 50-h hearing," suggesting that Brownstein terminated the agreement. (*Id.* at 1.) Plaintiff brings claims of "civil rights violations, bribery, false attorney representation, denial of wrongdoings & abuse of authority." (*Id.*)

Plaintiff names as Defendants Brownstein; Brownstein Legal, P.C.; French & Casey (FC), a New York law firm where the 50-h hearing was scheduled to be held; Toni Colucci, an FC paralegal; and Jon Norinsberg, a lawyer who in March 2020 referred Plaintiff to Brownstein. Plaintiff seeks "100% ownership of Defendants [sic] assets, deeds & monetary accounts." (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff's claims do not arise under any federal law or constitutional right. Thus, the Court cannot exercise jurisdiction over his claims under the federal question statute.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff sues two New York law firms, lawyers and a paralegal associated with those firms, and a referring lawyer. Although Plaintiff does not provide an address for the individual defendants, he does sue New York firms, precluding complete diversity of citizenship. The Court therefore cannot exercise subject matter jurisdiction under the diversity statute.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court has concluded that it does not have subject matter jurisdiction over this complaint, but because it is unclear that it would be futile to grant Plaintiff leave to replead, the Court grants Plaintiff 30 days' leave to assert any fact suggesting that the Court has jurisdiction over this action under the diversity statute.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, with 30 days' leave to replead. *See* Fed. R. Civ. P. 12(h)(3).

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

A copy of this order is to be mailed in chambers.

SO ORDERED.

Dated:   May 21, 2020
        New York, New York

                                                            *Louis L. Stanton*
                                                              Louis L. Stanton
                                                                  U.S.D.J.